```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
_____

DEDRUS PETERSON, et al.,       )
                               )
     Plaintiffs,               )
                               )
v.                             )    No. 16-2812-JDT-tmp
                               )
DEE RICE, SUSAN WHITFIELD,     )
MELVIN PRYOR,                  )
                               )
     Defendants.               )
_____

                     REPORT AND RECOMMENDATION
_____
```

On October 11, 2016, the plaintiffs filed a *pro se* complaint under 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* filed only by plaintiff Dedrus Peterson. (ECF Nos. 1 & 2.) The complaint also purports to name as plaintiffs several individuals whom the court believes to be minors. On October 20, 2016, the court entered an order granting Peterson leave to proceed *in forma pauperis* and directing plaintiffs Teriyon Pryor, Kelsey Pryor, and Katavious Pryor (who are adults) to each file a separate *in forma paurperis* affidavit or collectively pay the court's civil filing fee.[1]  (ECF No. 6.) Teriyon Pryor, Kelsey Pryor, and Katavious Pryor each filed *pro*

---

[1] Given the nature of the allegations, the complaint and exhibits were forwarded to the Tennessee Department of Children's Services on October 20, 2016.  (See ECF No. 6.)

*se* motions to proceed *in forma pauperis* on October 27, 2016. (ECF Nos. 7, 8, 9.) The court granted these motions on October 27, 2016. (ECF No. 10.)

Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons stated below, the undersigned magistrate judge recommends that the complaint be dismissed *sua sponte*.

## I. PROPOSED FINDINGS OF FACT

On October 11, 2016, *pro se* plaintiffs Dedrus Peterson, Teriyon Pryor, Kelsey Pryor and Katavious Pryor filed a complaint under 42 U.S.C. § 1983. The complaint also attempts to name three minors as plaintiffs. The complaint alleges that Peterson is the biological mother of Teriyon Pryor, Kelsey Pryor, and Katavious Pryor, as well as the three minors.[2]

The complaint names three defendants. Defendants Dee Rice and Susan Whitfield are alleged to be case workers for the Tennessee Department of Children's Services ("DCS"). Defendant

---

[2] Letters written by Teriyon Pryor, Kelsey Pryor, and Katavious Pryor and the three named minors were submitted as attachments to the complaint. The court will consider the allegations set forth in the letters in screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

- 2 -

Melvin Pryor is alleged to be either the foster or adoptive mother of Peterson's six biological children identified in the complaint. Peterson alleges that her children "were taken by DCS" and that "they terminated my rights on lies."[3] (ECF No. 1 at 2.) The complaint and attached letters also make allegations of child abuse and other improper conduct against the foster/adoptive mother. Peterson seeks to have "my rights restored" and [get] my children back." (ECF No. 2.) The complaint does not seek any other relief. The court notes that at this juncture, the defendants have not had the opportunity to address any of the allegations in the complaint.

## II.   PROPOSED CONCLUSIONS OF LAW

**A.   Standard of Review**

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be

---

[3]The court takes judicial notice of the procedural history of the published state court proceedings that led to the termination of Peterson's parental rights. See State Dep't of Children's Servs. v. Peterson, 341 S.W.3d 281 (Tenn. Ct. App. 2009). In Peterson, the Tennessee Court of Appeals affirmed the order of the Juvenile Court of Shelby County, upon petition by DCS, terminating the parental rights of Dedrus Peterson pursuant to Tenn. Code Ann. § 36-1-113. Id. at 287-93.

    granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). Accordingly, "[a]ccepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing

not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro* se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

**B.   Plaintiff Dedrus Peterson**

The § 1983 complaint alleges that Peterson's parental rights, presumably relating to the other plaintiffs and the named minors, were terminated based on false information. "To

state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Nouri v. Cnty. of Oakland, 615 F. App'x 291, 295 (6th Cir. 2015) (quoting West v. Atkins, 487 U.S. 42, 48 (1988) (alteration in original)); see also Lindsey v. Detroit Entm't, LLC, 484 F.3d 824, 827 (6th Cir. 2007) ("Section 1983 does not, as a general rule, prohibit the conduct of private parties acting in their individual capacities."); Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999) ("A § 1983 plaintiff may not sue purely private parties.").

The court reads the complaint to allege that the DCS defendants violated Peterson's Fourteenth Amendment due process rights by taking her children and terminating her parental rights "based on lies." "It is clearly established that the Constitution recognizes both a protectable procedural due process interest in parenting a child and a substantive fundamental right to raise one's child." Bartell v. Lohiser, 215 F.3d 550, 557 (6th Cir. 2000) (internal citations omitted); see Santosky v. Kramer, 455 U.S. 745, 753 (1982) (noting that "state intervention to terminate the relationship between [a

parent] and [the] child must be accomplished by procedures meeting the requisite of the Due Process Clause" and describing "the fundamental liberty interest of natural parents in the care, custody, and management of their child") (alterations in original); Stanley v. Illinois, 405 U.S. 645, 651 (1972) ("The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment."). Because a parent's right to the care, custody, and control of his or her child is a fundamental right, a state must have a compelling interest in order to interfere with it. See Bartell, 215 F.3d at 557-58; see also Santoksy 455 U.S. at 753-54.

The court finds that the complaint fails to state any claims under § 1983 for violation of Peterson's substantive or procedural due process rights. Beyond asserting that Peterson's children "were taken by DCS [,] the State and caseworkers" and "they terminated my rights on lies," the complaint does not contain any other facts that plausibly support the claim that the defendants terminated her parental rights in a way that violated her constitutional rights. The complaint fails to provide any particularized information about the lies that allegedly led to the termination of Peterson's parental rights, or how those lies caused the alleged wrongful termination. To

the extent Peterson alleges her rights were terminated pursuant to the procedures established under Tennessee law, the complaint contains no allegations relating to or any documentation of such procedures. Parental and familial rights are undoubtedly fundamentally important and protected by the Constitution, but this complaint does not adequately plead a violation of these rights. Accordingly, it is recommended that Peterson's claims be dismissed pursuant to § 1915(e)(2)(B)(ii).[4]

**C.   Plaintiffs Teriyon Pryor, Kelsey Pryor, and Katavious Pryor**

Although Teriyon, Kelsey, and Katavious Pryor are named as plaintiffs and signed the complaint, as best as the court can tell from the complaint, attached letters, and *in forma pauperis* petitions, they are adults who no longer reside with defendant Melvin Pryor. As noted above, the only relief the complaint seeks is the restoration of Peterson's parental rights and the return of her biological children to her custody.[5] The adult

---

[4] Accordingly, the court need not address the applicability of the Rooker-Feldman doctrine, see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), or any potential preclusive effect of the decision of the Tennessee Court of Appeals in Peterson.

[5] According to a change of address notification filed on December 5, 2016, Peterson and Teriyon, Kelsey, and Katavious Pryor all reside at the same address. (See ECF No. 11.)

plaintiffs have no interest in this relief.⁶  As such, the complaint does not state any claims under § 1983 upon which these plaintiffs are entitled to relief.

**D.  Minors**

It is possible to interpret the complaint as an attempt by the plaintiffs to assert § 1983 claims on behalf of the minors as the real parties in interest.⁷  Under 28 U.S.C. § 1654, the adult plaintiffs may proceed *pro se* as to their own claims.  See § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."). The adult plaintiffs may not, however, pursue *pro se* any claims that belong to the minors.  Section 1654 "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."  Shepherd v. Wellman, 313 F.3d 963, 970 (6th. Cir. 2002); see Zanecki v. Health All. Plan of Detroit, 576 F.

---

⁶Under Tenn. Code Ann. § 36-1-102, "parental rights" are defined as "the legally recognized rights and responsibilities to act as a parent, to care for, to name, and to claim custodial rights with respect to a child." Tenn. Code Ann. § 36-1-102(38).

⁷Pursuant to Federal Rule of Procedure 17(b)(1), "capacity to sue or be sued is determined . . . for an individual who is not acting in a representative capacity, by the law of the individual's domicile . . . ." Fed. R. Civ. P. 17(b)(1).  In Tennessee, "[m]inors cannot maintain lawsuits in their own names." Vandergriff v. ParkRidge E. Hosp., 482 S.W.3d 545, 552 (Tenn. Ct. App. 2015) (citing Busby v. Massey, 686 S.W.2d 60, 62 (Tenn. 1984)); see also Tenn. R. Civ. P. 17.03.

App'x 594, 595 (6th Cir. 2014) (per curiam) ("Because, by definition, *pro se* means to appear on one's own behalf, a person may not appear *pro se* on another person's behalf in the other's cause of action.") (internal citation and quotation marks omitted). "The rule against non-lawyer representation 'protects the rights of those before the court' by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." Zanecki, 576 F. App'x at 595 (quoting Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005)); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t is not in the interests of minors . . . that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."); see also Bass v. Leatherwood, 788 F.3d 228, 230 (6th Cir. 2015). To the extent the adult plaintiffs are seeking to assert § 1983 claims for which the minors are the real parties in interest, as opposed to the plaintiffs' own personal claims, any such claims must be dismissed without prejudice.

### III.  RECOMMENDATION

The allegations in the complaint are undoubtedly serious. However, the complaint fails to state any claims under § 1983

that satisfy the Rule 12(b)(6) standard. Because the complaint does not assert a basis for federal jurisdiction other than § 1983, the court should decline to exercise supplemental jurisdiction over any state law claims which arguably may be alleged in the complaint.[8] See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."); Matthews v. City of Collierville, No. 13-2703-JDT-tmp, 2014 WL 69127, at *7 (W.D. Tenn. Jan. 8, 2014).

Respectfully submitted,

---

[8] This court lacks diversity jurisdiction over any remaining state law claims. According to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citations omitted). The complaint does not assert that all of the plaintiffs and all of the defendants are diverse, and none of the facts alleged in the complaint suggest that diversity exists. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (noting that the party asserting the existence of subject matter jurisdiction bears the burden of establishing that such jurisdiction exists). While *pro se* complaints generally are not held to the same standards as formal pleadings drafted by lawyers, this complaint does not establish the existence of diversity jurisdiction even when liberally construed.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 9, 2017
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**