IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DEDRUS PETERSON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | No. 16-2812-STA-tmp |
| ) | |
| **DEE RICE, SUSAN WHITFIELD,** ) | |
| **and MELVIN PRYOR,** ) | |
| ) | |
| **Defendants.** ) | |

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER DISMISSING COMPLAINT *SUA SPONTE*
ORDER ON APPELLATE ISSUES

Before the Court is the United States Magistrate Judge's Report and Recommendation that Plaintiffs' Pro Se Complaint be dismissed *sua sponte*. The Magistrate Judge submitted his Report and Recommendation on March 9, 2017. Objections to the Report and Recommendation were due within fourteen (14) days of the service of the Report, making the objections due no later than March 24, 2017. Giving Plaintiffs the benefit of the additional three days allowed under Rule 6(d), Plaintiffs' objections were due at the latest by March 27, 2017. To date Plaintiffs have filed no objections to the Magistrate Judge's Report. Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report. For the reasons stated in the Report and Recommendation, Plaintiffs' Pro Se Complaint is hereby **DISMISSED** *sua sponte*.

The next issue to be addressed is whether Plaintiffs should be allowed to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith

standard is an objective one.[1]  An appeal is not taken in good faith if the issue presented is frivolous.[2]  The same considerations that lead the Court to dismiss Plaintiffs' claims *sua sponte* also compel the conclusion that an appeal would not be taken in good faith.

It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiffs would not be taken in good faith and Plaintiffs may not proceed on appeal *in forma pauperis*.

The Sixth Circuit Court of Appeals decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiffs in this case.  If Plaintiffs file a notice of appeal, they must pay the entire $505 filing fee required by 28 U.S.C. §§ 1913 and 1917.  The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal.  By filing a notice of appeal, Plaintiffs become liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  If Plaintiffs fail to comply with the above assessment of the appellate filing fee within thirty (30) days[3] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid.[4][5]

---

[1] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[2] *Id.*

[3] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

[4] *McGore*, 114 F.3d at 610.

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        CHIEF UNITED STATES DISTRICT JUDGE

        Date: April 6, 2017